UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  08-61560-CIV-MARRA
MAGISTRATE P. A. WHITE

JYTHON LOSCHIAVO HUDSON,          :

       Plaintiff,          :

v.                                :          REPORT OF
                                             MAGISTRATE JUDGE
ROBERT TRACHMAN,

       Defendant.          :
_____

The pro-se plaintiff, Jython Loschiavo Hudson, filed a civil rights complaint pursuant to 42 U.S.C. §1983,(De#1) The plaintiff alleges that his privately retained attorney Robert Trachman, violated his constitutional rights by failing to provide him with effective assistance of counsel.  The plaintiff seeks a return of his fee paid.  The plaintiff is proceeding in forma pauperis. [DE# 2].

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

I.  Analysis

    A.  Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

*   *   *

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \*   \*   \*
>
> (B) the action or appeal –
>
> \*   \*   \*
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. §1983; Polk County v. Dodson, 454 U.S. 312 (1981); Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985).  The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or

immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998), <u>See</u>: <u>Whitehorn</u>, 758 F.2d at 1419 <u>id</u>.  <u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).   A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992).

The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); <u>Watts v. FIU</u>, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests."
<u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007)(quoting <u>Twombly</u>,
127 S.Ct. at 1964).


    B.  <u>Factual Allegations</u>


     The plaintiff alleges in a conclusory fashion that his
privately retained counsel, Robert Trachman, failed to investigate
his case, gave him incorrect information related to sentencing and
charged too much for his time spent on the case. He seeks to have
the $2000.00 fee returned.


    C.  <u>Analysis of Sufficiency of Complaint</u>


    This complaint must fail for several reasons. To file a
successful complaint pursuant to 42 U.S.C. §1983, the plaintiff
must demonstrate that he has been deprived of a federally protected
right by a person acting under "color of state law". <u>Polk County v
Dodson</u>, 454 U.S. 312 (1981). Hudson, a privately retained attorney
was not acting under color of state law. This contract dispute must
be settled in the state courts.


    Further, Hudson is essentially dissatisfied with the
proceedings in his state case,  thus these claims, in essence,
challenge aspects of his criminal proceedings, and are therefore
not cognizable in a civil rights case. A habeas corpus action is
the proper vehicle for raising claims that may affect the fact or
duration of a criminal defendant's confinement. <u>Preiser v.</u>

Rodriquez, 411 U.S. 475, 488-490 (1973).   If a prisoner brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Heck applies both to actions for monetary damages and for injunctive relief. Wilkinson v Dotson 125 S.Ct 1242 (2005). Heck further applies to pre-trial detainees as well as convicted prisoners.  Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9 Cir. 1996); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5 Cir. 1996). Because the plaintiff's confinement has not been remedied by any of the procedures listed in Heck, his claims are not cognizable under §1983.

II.  Conclusion

It is therefore recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 6th day of October, 2008.

UNITED STATES MAGISTRATE JUDGE

```
cc:  Jython Loschiavo Hudson, Pro Se
     #C666479
     1205 NW 1st Ave
     Ft Lauderdale, FL
     Address of Record
```